SUSAN G. KUPFER (#141724)
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, California 94111
Telephone: (415) 972-8160
Facsimile: (415) 972-8166
Email: skupfer@glancylaw.com

MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Liaison Attorney for Proposed Lead Plaintiffs, the New York City Pension Funds*

*Liaison Attorney for Proposed Lead Plaintiffs, the New York City Pension Funds*

ROGER W. KIRBY
IRA M. PRESS
KIRBY MCINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 317-2300
Facsimile: (212) 751-2540
Email: ipress@kmllp.com

*Attorneys for Proposed Lead Plaintiffs, the New York City Pension Funds*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA CORPORATION; G. KENNEDY THOMPSON; THOMAS J. WURTZ, and DONALD K. TRUSLOW,<br><br>Defendants. | Civil Action No. 3:08-cv-02844-SC<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION , MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL**<br><br>Date: September 19, 2008<br>Time: 10:00 a.m.<br>Courtroom 1, 17th Floor<br><br>Hon. Samuel Conti |

*(Additional Caption on the Following Page)*

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

1

| | |
|---|---|
| JERRY L. WEEKS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>WACHOVIA CORPORATION; G. KENNEDY THOMPSON; THOMAS J. WURTZ, and DONALD K. TRUSLOW,<br><br>    Defendants. | Civil Action No. To Be Assigned<br>Case Filed August 8, 2008<br><br><u>CLASS ACTION</u> |

NOTICE, MOTION AND MEMORANDUM  IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION,  APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

2

## NOTICE OF MOTION AND MEMORANDUM

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 19, 2008, at 10:00 a.m. or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Samuel Conti, situated at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102, movants, the New York City Pension Funds (the "NYC Funds" or "Movants")[1] will move, and hereby move, under §21D *et seq*. of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and under Fed. R. Civ. P. 42(a), for an order (i) consolidating the above-captioned related actions; (ii) appointing the NYC Funds as Lead Plaintiff; and (iii) approving Lead Plaintiff's selection of Kirby McInerney LLP as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel for the Class.

This motion is brought pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA.

This motion is based on this notice, the attached memorandum of points and authorities, the declaration of Ira M. Press, the exhibits attached thereto, and the Court's complete files and records in the above-captioned action, as well as such further argument as the Court may allow at the hearing on this motion.

A copy of this Notice has been sent to all parties on the attached proof of service.

---

[1] Specifically: the New York City Board of Education Retirement System ("NYC BERS"); the New York City Employees' Retirement System ("NYCERS"); the New York City Police Pension Fund ("NYC Police"); the New York City Police Officers' Variable Supplements Fund ("POVSF"); the New York City Police Superior Officers' Variable Supplements Fund ("PSOVSF"); the New York City Fire Department Pension Fund ("NYC Fire"); the New York City Firefighters' Variable Supplements Fund ("FFVSF"); the New York City Fire Officers' Variable Supplements Fund ("FOVSF"); the New York City Teachers' Retirement System ("NYC TRS"); and the New York City Teachers' Retirement System Variable Annuity Program ("Teachers Variable A").

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

3

# TABLE OF CONTENTS

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      THE ABOVE-CAPTIONED ACTIONS SHOULD BE CONSOLIDATED . . . . . . . . . 3

II.     THE NYC FUNDS SHOULD BE APPOINTED AS LEAD PLAINTIFF
        FOR THE CLASS IN THE CONSOLIDATED ACTION . . . . . . . . . . . . . . . . . . . . . . . 5

        A.    Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.    The NYC Funds Should Be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . 6

              1.    The NYC Funds Are Making This Motion In Timely Response
                    To The Published  Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

              2.    The NYC Funds Have The Largest Financial Interest In This Action . . . 7

              3.    The NYC Funds Satisfy The Requirements Of Rule 23
                    Of The Federal Rules Of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . 8

                    a.    The NYC Funds' Claims Are Typical . . . . . . . . . . . . . . . . . . . . . 9

                    b.    The NYC Funds Are Adequate Representatives . . . . . . . . . . . . 10

                    c.    The NYC Funds Are Ideal Lead Plaintiffs . . . . . . . . . . . . . . . . . 11

              4.    The NYC Funds Are Presumptively The Most Adequate Lead Plaintiff  11

        C.    The Court Should Approve Lead Plaintiff's Choice of Counsel . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

NOTICE, MOTION AND MEMORANDUM  IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION,  APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

i

# TABLE OF AUTHORITIES

**Cases**

*Armbruster v. Cellcyte Genetics Corp.*, 2008 WL 1929903 (W.D. Wash. April 28, 2008) ..... 4

*Armour v. Network Assoc., Inc.*, 171 F.Supp.2d 1044 (N.D. Cal.2001) .................... 9

*Eichenholtz v. Verifone Holdings, Inc.*,
    No. C 07-06140 MHP, 2008 WL 2095767 (N.D. Cal. May 14, 2008) .............. 5, 6

*Garber v. Juniper Networks, Inc.*,
    No. C-06-4327-JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) ................ 8

*Gerin v. Aegon USA, Inc.*,
    No. C 06-5407 SBA, 2007 WL 108451 (N.D. Cal. Jan. 10, 2007) ............... 9, 10

*Gluck v. CellStar Corp.*, 976 F.Supp. 542 (N.D. Tex.1997) ........................ 11

*In re Cavanaugh*, 306 F.3d 726 (9th Cir.2002) ............................... 5-7, 9, 11, 12

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) ............................. 11

*In re Century Bus. Svcs Sec. Litig.*, 202 F.R.D. 532 (N.D. Ohio 2001) ..................... 1

*In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.*,
    693 F.2d 847 (9th Cir. 1982) ................................................. 10

*In re SiRF Technology Holdings, Inc. Securities Litigation*,
    No. C 08-0856 MMC, 2008 WL 2220601 (N.D. Cal. May 27, 2008) ......... 5, 6, 12

*In re Star Gas Sec. Litig.*, 04 cv 1766, 2005 WL 818617 (D. Conn. Apr. 8, 2005) ........... 1

*Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir.1989) .............. 4

*Lax v. First Merchants Acceptance Corp.*,
    97 c 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ........................ 1, 7

*Mohanty v. BigBand Networks, Inc.*,
    No. C 07-5101 SBA, 2008 WL 426250 (N.D. Cal., Feb. 14, 2008) .......... 3, 4, 9, 10

*Query v. Maxim Integrated Products, Inc.*,
    No. C 08-00832 PVT, --- F.Supp.2d ----, 2008 WL 2074428
    (N.D. Cal. May 15, 2008) ................................................. 7

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. April 16, 2007) ......... 3, 7

*Sakhrani v. Brightpoint*, 78 F.Supp.2d 845 (S.D. Ind.1999) ........................ 11

*Takeda v. Turbodyne Techs., Inc.*, 67 F.Supp.2d 1129 (C.D. Cal.1999) ................ 4, 10

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

ii

*Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273 (D. Ariz. April 7, 2008) . . . . . . . . . . . . . 4

**Statutes**

15 U.S.C. § 78j(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

15 U.S.C. § 78t(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

15 U.S.C. § 78u-4 *et seq*. (The Private Securities Litigation Reform Act of 1995) . . . . . . . . . . . 5

17 § C.F.R. 240.10b-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 42(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 10

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

iii

Movants, the NYC Funds, respectfully submit this memorandum of points and authorities in support of the NYC Funds' motion for consolidation, appointment as Lead Plaintiff and approval of the NYC Funds' selection of Lead Counsel and Liaison Counsel.

## FACTUAL BACKGROUND

These are securities class actions on behalf of purchasers of Wachovia Corporation ("Wachovia" or the "Company") common stock during the period May 8, 2006 through June 6, 2008 (the "Class Period")[2], against Wachovia and certain of its officers and directors for violations of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a) (the "Actions"). As discussed at p. 3 *infra*, a substantively identical class action suit has also been filed in the Southern District of New York.

The Actions allege, in a nutshell, that Wachovia misrepresented its mortgage lending operations, mortgage holdings, mortgage-backed security holdings (e.g., collateralized debt obligations ["CDOs"] and residential mortgage-backed securities ["RMBS"]), and the financial consequences of those misrepresentations. Until late in the class period, Wachovia consistently represented *inter alia* (1) that the mortgages it originated, including tens of billions of dollars of payment-option adjustable-rate mortgages ("option ARMs"), were very conservatively underwritten, (2) that, as a result of such purported conservatism and of Wachovia's purported risk management, Wachovia would be insulated from the massive mortgage-related losses being experienced by other financial institutions, (3) that Wachovia had established adequate loan loss reserves for its mortgage holdings, (4) that Wachovia's subprime exposure was effectively nonexistent, and (5) that Wachovia was adequately-capitalized and could maintain its current dividend pay-out.

---

[2] The class period alleged by plaintiff Bristol County was approximately two months shorter: May 8, 2006 through April 11, 2008. A substantively identical class action suit was filed subsequently in the Southern District of New York, with a slightly expanded class period that, like that alleged by plaintiff Weeks, also began on May 8, 2006 but continued through June 6, 2008. Lead plaintiff motions are generally governed by the longest class period when class periods are expanded beyond that set forth in the initial action. *See Lax v. First Merchants Acceptance Corp.*, 97 c 2715, 1997 WL 461036, *3-5 (N.D. Ill. Aug. 11, 1997); *see also In re Star Gas Sec. Litig.*, 04 cv 1766, 2005 WL 818617, at *2, 7 (D. Conn. Apr. 8, 2005); *In re Century Bus. Svcs Sec. Litig.*, 202 F.R.D. 532, 536-537 (N.D. Ohio 2001).

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

1

The Actions allege that, in truth, and contrary to Wachovia's above-described representations, (1) Wachovia's mortgages deviated from Wachovia's publicly-represented mortgage origination standards (for example, material portions of Wachovia's mortgages and option ARMs had been originated on a "low documentation" basis), (2) that such mortgages and mortgage origination practices in fact exposed Wachovia to massive mortgage losses, which Wachovia belatedly acknowledged in a series of multi-billion dollar loan loss provisioning charges, (3) that Wachovia's class period loan loss reserves had been understated and under-provisioned, and as a result Wachovia's reported net income and assets have been overstated, (4) that Wachovia's subprime exposure (and losses) were billions of dollars greater than represented, and (5) that Wachovia was inadequately-capitalized, needed to raise billions of dollars in further capital, and could not continue to pay its dividend at current levels.

The Actions further allege that, in late 2007 and early 2008, as Wachovia made a series of corrective disclosures as to the above-described matters, Wachovia shares, which had traded above $58 per share earlier in 2007, fell to below $20 per share – a market capitalization loss of more than $80 billion.

**PROCEDURAL HISTORY**

Plaintiff Bristol County Retirement System commenced the first of the above-captioned Actions on June 9, 2008, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *PrimeNewswire,* a widely circulated national business-oriented wire service. *See* Declaration of Ira M. Press in Support of Motion of the New York City Pension Funds for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel (the "Press Declaration") at Exhibit A. The NYC Funds bring the instant motion pursuant to plaintiff Bristol County Retirement System's notice of pendency, and have filed this motion prior to expiration of the 60-day period from publication of the June 9, 2008 notice.

On August 7, 2008, the day before the statutory deadline to move for lead plaintiff appointment, the *Bristol County* action was voluntarily dismissed. The following day, class member

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

2

Jerry L. Weeks filed suit.[3]

In addition to the Actions in this District, a related class action alleging substantially identical claims was filed in the U.S. District Court for the Southern District of New York (the "New York Action"). The class period in all three actions commences on May 8, 2006. The New York Action asserts a class period that ends on June 6, 2008 (like the *Weeks* action) rather than April 11, 2008 (like the *Bristol County* action). The only other difference between the New York Action and the above-captioned Actions is the absence of one defendant named in the above-captioned Actions (Donald K. Truslow, Wachovia's chief risk officer). *See* Press Declaration, Exhibits F (the New York Action complaint) and G (published notice adverting to the New York Action's expanded class period). The factual allegations underlying all the actions are identical with respect to the underlying alleged misconduct. The New York Action asserts 10(b) claims on behalf of a putative class that includes the entire putative class in these Actions, and names as defendants three of the four defendants named in the above-captioned Actions. We believe that these Actions and the New York Action ultimately will be consolidated into a single proceeding given the substantial overlap in claims, defendants and putative classes.

## ARGUMENT

### I.  THE ABOVE-CAPTIONED ACTIONS SHOULD BE CONSOLIDATED

The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes that where, as here, "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed", courts must first rule on consolidation before consideration of lead plaintiff/lead counsel issues. 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. April 16, 2007); *Mohanty v. BigBand Networks, Inc.*, No. C 07-5101 SBA, 2008 WL 426250, at *2 (N.D. Cal., Feb. 14, 2008).

---

[3] The *Weeks* Complaint was filed on Friday, August 8, 2008. The filing was stamped by the Clerk on August 8, 2008. However, a case number was not assigned due to a backlog in the Clerk's Office. This filing will be amended to be amended to reflect the *Weeks* docket number as soon as a number is assigned.

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

3

  Consolidation is governed by Fed. R. Civ. P. 42(a): "When actions involving a common question of law or fact are pending before the court, it may order all the actions consolidated...". Fed. R. Civ. P. 42(a). "[N]either Rule 42 nor the PSLRA demands that the actions be identical". *Takeda v. Turbodyne Techs., Inc.*, 67 F.Supp.2d 1129, 1133 (C.D. Cal.1999); *accord*, *Armbruster v. Cellcyte Genetics Corp.*, 2008 WL 1929903, at *1 (W.D. Wash. April 28, 2008) (consolidating three actions despite some differences in the defendants named in each action. The district court has "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir.1989). The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact. *Mohanty v. BigBand Networks, Inc.*, 2008 WL426250, at *2.

  The standard for consolidation is met here. The Actions arise from identical facts, are all brought pursuant to §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, 17 § C.F.R. 240.10b-5, and are all brought on behalf of identical purported classes. Thus, the Actions assert identical claims for relief on behalf of identical purported classes who share common questions of law and fact based upon a common course of conduct. The Actions should therefore be consolidated. *See Armbruster*, 2008 WL 1929903, at *1:

> [A]ll three cases involve common factual and legal questions under the PSLRA including whether defendants made false statements and omissions and whether those actions caused the stock price to increase then precipitously drop as alleged. Consolidation of these actions will promote efficiency, conserve judicial resources, and foster uniform decision-making while avoiding inconsistent results. Accordingly, the Court orders that these actions will be consolidated for all purposes.

*Accord*, *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *1 (D. Ariz. April 7, 2008) ("The complaints in these four actions are nearly identical, and the minor differences in proposed class periods and named individual defendants are not obstacles to consolidation. Therefore, the motions to consolidate are granted.") (citations omitted).

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

4

## II. THE NYC FUNDS SHOULD BE APPOINTED AS LEAD PLAINTIFF FOR THE CLASS IN THE CONSOLIDATED ACTION

### A. Legal Standards

The PSLRA sets forth a three-tiered procedure for the selection of a lead plaintiff to oversee securities class actions. 15 U.S.C. § 78u-4(a) (3); *In re Cavanaugh*, 306 F.3d 726 (9th Cir.2002); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 2095767, at *1-2 (N.D. Cal. May 14, 2008).

First, the plaintiff who files the initial action must, within twenty days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(I); *In re Cavanaugh*, 306 F.3d at 729. Within sixty days after publication of the required notice, any member or members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C.. § 78u-4(a)(3)(A), (B); *Eichenholtz*, 2008 WL 2095767, at *1-2; *In re SiRF Technology Holdings, Inc. Securities Litigation*, No. C 08-0856 MMC, 2008 WL 2220601, at *1 (N.D. Cal. May 27, 2008).

Second, once notice is established, the district court must select the "presumptively most adequate plaintiff"[4] by identifying the movant that has shown "the largest financial interest in the relief sought by the class" and verifying that the movant satisfies the adequacy and typicality

---

[4] Subsection (a)(3)(B)(iii) of the PSLRA establishes a presumption that the most adequate plaintiff:

> (aa) has either filed the complaint or made a motion in response to a notice under [the PSLRA];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Eichenholtz*, 2008 WL 2095767, at *1-2; *In re SiRF*, 2008 WL 2220601, at *1.

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

5

requirements of Rule 23(a) of the Federal Rules of Civil Procedure ("Rule 23"). *In re Cavanaugh*, 306 F.3d at 729-30; *In re SiRF*, 2008 WL 2220601, at *1-2. As the Ninth Circuit made clear in *In re Cavanaugh*, in so doing, the district court first ascertains which movant has the largest loss and then, based "on the information [that movant] has provided in his pleadings and declarations" determines if such movant "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d at 729-730; *In re SiRF*, 2008 WL 2220601, at *1.

Third, after the presumptively most adequate plaintiff is identified, the district court next considers any evidence offered by other potential class members to demonstrate that the presumptively most adequate plaintiff should not be appointed. *In re Cavanaugh*, 306 F.3d at 730; *In re SiRF*, 2008 WL 2220601, at *1. Only by a showing that a lead plaintiff will not fairly and adequately represent the class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the class, will the presumption be overcome. 15 U.S.C. § 78u-4(a) (3)(B)(iii)(II); *Eichenholtz*, 2008 WL 2095767, at *2 .

**B.    The NYC Funds Should Be Appointed Lead Plaintiff**

As set forth below, the NYC Funds (1) have made a timely motion for appointment as lead plaintiff pursuant to the Notice published in this action, (2) have the largest financial interest in these Actions, and (3) satisfy the requirements of Fed. R. Civ. P. Rule 23. The NYC Funds are thus entitled to the presumption that they are the most adequate Lead Plaintiff for the Class.

**1.    The NYC Funds Are Making This Motion In Timely Response To The Published Notice**

On June 9, 2008, counsel for plaintiff Bristol County Retirement System published a notice of pendency of plaintiff's case pursuant to the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of Wachovia securities that they had until August 8, 2008, to file a motion to be appointed as Lead Plaintiff.

The NYC Funds have timely filed the instant motion pursuant to plaintiff Bristol County Retirement System's complaint and published notice, and submit herewith their sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

6

testimony at deposition and trial, if necessary. *See* Press Declaration, Exhibit B (NYC Funds' certifications); and Exhibit D (Declaration of Ilyse Sisolak), at ¶¶ 15-24. The NYC Funds therefore satisfy the requirement of making a timely motion in response to a published notice.

### 2. The NYC Funds Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d at 729-730.

Here, the NYC Funds purchased or otherwise acquired[5] 4,465,016 shares of Wachovia during the Class Period and have suffered aggregate losses of nearly $114.0 million (using FIFO methodology) or $92.0 million (using LIFO methodology). *See* Press Declaration, Exhibit C.

Some courts use a "four factor" test (also referred to as the "*Lax* factors")[6] in determining "financial interest", namely: (1) the numbers of shares of the subject securities purchased (here, 4,465,016 shares); (2) the number of net shares purchased (here, 2,347,928 shares); (3) the total net funds expended by the plaintiffs during the class period (here, $116,933,984); and (4) the approximate losses suffered by the plaintiffs (here, $ 113,954,871 under FIFO and $92,005,618 under LIFO). *See, e.g., Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *3 (citing cases); *Query v. Maxim Integrated Products, Inc.*, No. C 08-00832 PVT, --- F.Supp.2d ----, 2008 WL 2074428, at *2 (N.D. Cal. May 15, 2008).

To the best of their knowledge, the NYC Funds believe that they have the largest known financial interest in this case of any movant, and thus satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

---

[5] During the Class Period, Wachovia acquired Golden West Financial Corporation and A.G. Edwards, Inc., using its own stock as payment. The NYC Funds acquired 832,450 Wachovia shares as a result of the Golden West acquisition, and 299,759 Wachovia shares as a result of the A.G. Edwards acquisition.

[6] Because first articulated in *Lax v. First Merch. Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *6 (N.D. Ill. Aug. 11, 1997).

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

7

Although courts are divided as to whether the PSLRA's reference to a "group of investors" serving as lead plaintiff allows for appointment of an aggregation of *unrelated* investors/entities as lead plaintiffs, there is no dispute that a group of *related* entities with real, pre-litigation relationships – such as the NYC Funds – is permissible. The NYC Funds were established to and function to provide pension benefits to employees of the City of New York (as further described in the Sisolak Declaration – Press Declaration, Exhibit D at ¶¶ 3-9). The New York City Comptroller serves as Chief Investment Advisor and Custodian of Assets for the NYC Funds, other than Teachers Var A (*Id.* at ¶10). In addition, the NYC Funds are under common legal representation, pursuant to New York City's Charter, all represented by the Law Department (*Id.*,¶¶ 12-14). Indeed, other courts in this District and in the Ninth Circuit have recognized the closely-related nature of the NYC Funds and have appointed the NYC Funds as lead plaintiff. *See*, e.g., *Pappas v. Countrywide Financial Corp.*, No. 07-cv-5295 (C.D. Cal. Nov. 28, 2007) (Press Declaration, Exh. H), *Garber v. Juniper Networks, Inc.*, No. C-06-4327-JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006).

### 3. The NYC Funds Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."[7] The Ninth Circuit has clarified that a potential lead plaintiff must make a *prima facie* showing only of the "typicality" and "adequacy" requirements of Rule 23 class certification. *In re Cavanaugh*, 306 F.3d at 730; *Mohanty v. BigBand Networks, Inc.*,

---

[7] Fed R. Civ. P. Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

8

2008 WL 426250, at *5 ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of "typicality" and "adequacy" of representation are the key factors.").

### a. The NYC Funds' Claims Are Typical

The "typicality" requirement is "satisfied when: (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct. *Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250, at *5; *Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 WL 108451, at *4 (N.D. Cal. Jan. 10, 2007); *Armour v. Network Assoc., Inc.*, 171 F.Supp.2d 1044, 1050 (N.D. Cal.2001).

Here, the NYC Funds' claims are typical of the claims asserted by the Class. The NYC Funds, like all members of the Class, allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Wachovia's operations and performance. The NYC Funds, like all of the members of the Class, acquired Wachovia securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby.[8]

Furthermore, the NYC Funds acquired their Wachovia shares both through open market purchases and as a result of Wachovia's acquisitions of other companies during the class period (Golden West Financial Corporation; A.G. Edwards, Inc. – *see* n. 4, *supra*). Thus, the NYC Funds possess standing to assert claims on behalf of both such groups of investors (i.e., investors who acquired Wachovia shares as a result of Wachovia's acquisitions possess additional claims under the Securities Act of 1933), and have very strong motivation to do so.

---

[8] *See, e.g., Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250, at *5 ("[movants] both purchased BigBand stock during the class period, paid stock prices that they allege were artificially inflated by Defendants' wrongful conduct, and allege that they were damaged by that conduct. Thus, both [movants'] claims are typical of the class"); *Gerin*, 2007 WL 108451, at *4 ("Movants allege that, due to Defendants' allegedly false and misleading representations concerning the tax deferred variable annuities, they suffered damages when they purchased these annuities during the purported Class Period. Movants' claims are therefore typical of the claims of other members of the class.").

In short, the interests of the NYC Funds are closely aligned with the interests of other Class members, and therefore the NYC Funds are typical of the other members of the Class.

### b. The NYC Funds Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F.Supp.2d at 1133 (citing *In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)); *accord*, *Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250, at *5 ("The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class, and when the proposed lead plaintiff has retained experienced and capable counsel."), *Gerin*, 2007 WL 108451, at *4 (same). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137.

The NYC Funds have communicated with counsel concerning this case and have made this motion to be appointed Lead Plaintiff. The NYC Funds have indicated that they will protect the interests of the Class, as reflected in their Certifications (Press Declaration, Exh. B) and in the Sisolak Declaration (Press Declaration, Exh. D at ¶¶ 15-24), have sustained significant losses from their investments in Wachovia securities and are therefore extremely motivated to pursue the claims in this action (Press Declaration, Exh. C), have demonstrated their adequacy as Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and have shown that they are willing and able to take an active role in and control the litigation and to protect the interests of absentees (*see* Sisolak Declaration, ¶¶ 15-24). The NYC Funds have also retained counsel with considerable experience in the prosecution of class actions and federal securities law claims (*see* III.C, *infra* and Press Declaration Exh. E).

### c. The NYC Funds Are Ideal Lead Plaintiffs

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

10

The NYC Funds are very large institutional investors with vast resources to adequately litigate this action and supervise class counsel. *See* Sisolak Declaration, ¶¶ 15-24. As such, they are exactly the sort of lead plaintiff envisioned by the PSLRA. *See, e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that explicit intent behind PSLRA was to encourage large institutional investors to serve as lead plaintiffs)[9]; *see also, In re Cavanaugh*, 306 F.3d at 737-738.

The Court may rest assured that the NYC Funds, in addition to meeting statutory requirements, have the sophistication and experience necessary to lead this complex securities class action. *See* Sisolak Declaration, ¶¶ 15-24. Indeed, the NYC Funds have a proven track record of successful service in this capacity, including serving as co-lead plaintiffs in the *Cendant* action where they achieved one of the largest recoveries on record (in excess of $3 billion). Moreover, in *Cendant* as well as here, the NYC Funds have negotiated a fee agreement with their proposed lead counsel that will limit counsel fees to ones substantially below average fee awards (Sisolak Declaration, ¶ 24), thus further enhancing class recovery and further evidencing the NYC Funds' ability to control class litigation and fulfill fiduciary duties to the investor classes they represent (Sisolak Declaration, ¶¶ 15-24).

### 4. The NYC Funds Are Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing the NYC Funds as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff's class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

---

[9]  *Accord*, *Sakhrani v. Brightpoint*, 78 F.Supp.2d 845, 850 (S.D. Ind.1999) ("The PSLRA was enacted with the explicit hope that institutional investors ... would step forward to represent the class and exercise effective management and supervision of the class lawyers"); *Gluck v. CellStar Corp.*, 976 F.Supp. 542, 548 (N.D. Tex.1997) ("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors.").

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

11

15 U.S.C. § 78 u-4(a)(3)(B)(iii)(I).

The presumption that the NYC Funds are the most adequate Lead Plaintiff is not rebutted here. The NYC Funds have suffered substantial losses – in excess of $90 million or $110 million, depending on calculation method (Press Declaration, Exhibit C) – and believe that they have the largest known financial interest in this case of any movant. The ability of the NYC Funds to fairly and adequately represent the Class cannot be disputed. The NYC Funds are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class. Accordingly, the NYC Funds are presumptively the most adequate Lead Plaintiff and should be appointed Lead Plaintiff for the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh* 306 F.3d at 733.

In the present case, the NYC Funds have retained Kirby McInerney LLP to pursue this litigation on their behalf as Lead Counsel in the event they are appointed Lead Plaintiff, and Glancy Binkow & Goldberg LLP as Liaison Counsel. Kirby McInerney LLP and Glancy Binkow & Goldberg LLP possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumés attached to the Press Declaration as Exhibit E.

Thus, the Court may be assured that, by granting the NYC Funds' motion, the Class will receive the highest caliber of legal representation. *See, e.g., In re SiRF*, 2008 WL 2220601, at *4 ("Here, PFRS has selected as counsel to represent the class the law firms of Kirby McInerney LLP and Glancy Binkow & Goldberg LLP. Having reviewed said law firms' respective resumes, (*see* Press Decl. Ex. E), the Court, given each such firm's experience with respect to class action securities litigation, finds good cause exists to approve PFRS's selection").

# CONCLUSION

For the foregoing reasons, the NYC Funds respectfully ask the Court to grant the NYC Funds' motion and enter an Order (a) consolidating the above-captioned Actions, (b) appointing the NYC Funds as Lead Plaintiff, and (c) approving the NYC Funds' selection of Kirby McInerney LLP as Lead Counsel for the class and of Glancy Binkow & Goldberg LLP as Liaison Counsel, and granting such other relief as the Court may deem just and proper.

Dated: August 8, 2008                              Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By:      /s/ Michael Goldberg
Michael Goldberg (#188669)
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

Susan G. Kupfer (#141724)
One Embarcadero Center, Suite 760
San Francisco, CA  94111
Tel:    (415) 972 - 8160
Fax:    (415) 972 - 8166
E-mail: skupfer@glancylaw.com

*Proposed Liaison Counsel for Movants, the New York City Pension Funds*

Roger W. Kirby
Ira M. Press
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, NY   10022
Tel:    (212) 317-2300
Fax:    (212) 751-2540
Email: ipress@kmllp.com

*Proposed Lead Counsel for Movants, the New York City Pension Funds*

NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

13